# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASIM AKBAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06 C 3685 |
| v. | ) |
| | ) |
| CITY OF CHICAGO, DARRIN WEST, LOUIS | ) Judge Joan B. Gottschall |
| JONES, CORDY FOUCH, and LOUIS DIXON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Asim Akbar's motion to reconsider the court's order entered September 25, 2008 ("9/25/08 Order"), granting Defendants Louis Jones and Cordy Fouch summary judgment on Count III of the complaint. Count III is a state-law claim for malicious prosecution. Akbar argues that the court's 9/25/08 Order erred in its legal conclusion that, because there was probable cause that Akbar committed misdemeanor battery against Defendant Detention Aid Darren West, Akbar's claim against Jones and Fouch for malicious prosecution failed. For the reasons stated below, Akbar's argument is correct, and the 9/25/08 Order is hereby vacated and reconsidered. Upon reconsideration, Jones' and Fouch's motion for summary judgment on Count III is denied.

### I. BACKGROUND

On March 13, 2005, Akbar was arrested, along with several other individuals, by Chicago Police Department ("CPD") officers for allegedly drinking on a public way. Akbar was processed at a CPD station at 727 East 111th Street. During processing Akbar and other arrestees present were told to line up in front of a lockup area to be searched by West. During the search procedure, a detainee next to Akbar was ordered to remove his underwear, whereupon

Akbar remarked that West was a "meat watcher," insinuating that West was homosexual. A fracas quickly ensued involving Akbar, West, Jones, Fouch, and Police Officer Louis Dixon, in which Akbar alleges that he was severely beaten, requiring medical attention and eight sutures in his leg. Akbar was subsequently charged with felony aggravated assault of a police officer against West, Jones, and Fouch. A grand jury returned a true bill of indictment against Akbar on May 31, 2005. Jones and Fouch did not testify in front of the grand jury. A bench trial was held on January 25, 2006, and Akbar was convicted of the lesser included charge of misdemeanor battery against West and acquitted of the felony aggravated assault charges against Jones and Fouch.

Akbar filed suit on July 10, 2006 against the City of Chicago ("City"), West, Jones, Fouch, and Dixon, alleging: (1) use of excessive force against Akbar in violation of 42 U.S.C. § 1983 ("Count I"); (2) a *Monell* claim against the City, also in violation of § 1983 ("Count II"); (3) a state law claim of malicious prosecution against Jones and Fouch ("Count III"); (4) a claim of *respondeat superior* against the City ("Count IV"); and (5) a state law claim for indemnification against the City pursuant to 745 Ill. Comp. Stat. 10/9-102 ("Count V"). The *Monell* claim (Count II) has since been withdrawn.

Jones and Fouch moved for summary judgment on Count III, the state-law malicious prosecution claim. In the 9/25/08 Order the court granted Jones' and Fouch's motion. Akbar filed a motion to reconsider, which is now before the court.

## II. ANALYSIS

**A.     Standard of Review**

Reconsideration of interlocutory decisions is not governed by Rule 60 of the Federal Rules of Civil Procedure, but rather by "the doctrine of the law of the case, which authorizes . . . reconsideration if there is a compelling reason . . . ." *Santamaria v. Sears, Roebuck, & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). A compelling reason could include a change in or clarification of law, *id.*, and is also appropriate where the court is convinced that the previous ruling is incorrect. *See Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005) (noting that where case is transferred between judges, "the second judge may alter previous rulings if he is convinced they are incorrect . . . .") (citations omitted). The 9/25/08 Order was interlocutory; summary judgment was granted only as to Count III, and Jones and Fouch remain defendants in other undecided counts. The "compelling reason" standard is appropriate.

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Brengettcy*, 423 F.3d at 680. All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008).

**B.    Argument**

To state a claim for malicious prosecution under Illinois law, Akbar must allege: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Kunz v. DeFelice*, 538 F.3d 667, 681–82 (7th Cir. 2008) (citing *Swick v. Liautaud*, 662

3

N.E.2d 1238, 1242 (Ill. 1996)). The absence of any one of these elements bars a plaintiff from pursuing the claim. *Id.*

In their motion for summary judgment, Jones and Fouch make two arguments that Akbar cannot satisfy the third element, the "absence of probable cause for the proceeding." First they argue that probable cause was present as to the charge of misdemeanor battery of West, as evidenced by Akbar's ultimate conviction. This argument was adopted in the 9/25/08 Order. Second, they argue that the grand jury made a probable-cause determination independent of Jones and Fouch, breaking the chain of causation for the malicious prosecution claim. Upon review, neither argument is correct and the motion for summary judgment is denied.

1. <u>Probable Cause and the Misdemeanor Battery Conviction</u>

Neither party disputes that the officers had probable cause to arrest and bring charges against Akbar for misdemeanor battery against West, and both seem to agree that this point is sufficiently proven by the fact that Akbar was convicted of misdemeanor battery. As this point is not disputed, and ultimately will not prove to be relevant, it will not be considered further here, although it is worth noting that for purposes of § 1983 litigation the mere fact of conviction is not necessarily dispositive proof that probable cause existed. *See Patterson v. Leyden*, 947 F. Supp. 1211, 1215–17 (N.D. Ill. 1996) (arguing that right to be free of arrest without probable cause cannot be taken away *post hoc*).

Jones and Fouch go on to argue that since there was probable cause generally to arrest Akbar, *any* claim for malicious prosecution that relates to this arrest is barred. As a general rule, this argument is true as to *false arrest* claims—if probable cause exists, then the arrest was proper. *See Montano v. City of Chicago*, 535 F.3d 558, 568 (7th Cir. 2008). In false arrest cases

4

this proposition is true even if the person is ultimately charged with a crime different from but related to the one for which probable cause originally existed, *Jones v. Watson*, 106 F.3d 774, 780 n.10 (7th Cir. 1997) (citation omitted), or if a person is also arrested on additional or different charges for which probable cause was lacking. *See Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007).

However, the same does not hold true for *malicious prosecution* claims. "[P]robable cause to believe an individual committed one crime—and even his conviction of that crime—does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge." *Holmes*, 511 F.3d at 682 (citations omitted). The *Holmes* court goes on to note that "[i]n this respect, a malicious prosecution claim is treated differently from one for false arrest: whereas probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, . . . probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking." *Id.* The reason for this distinction is to assure that "each charge that a police officer elects to lodge against the accused be supported by probable cause. Otherwise, the police officers would be free to tack a variety of baseless charges on to one valid charge with no risk of being held accountable for their excess." *Id.* at 683 (citation omitted). The *Holmes* court notes that this approach appears to be used by Illinois courts on state-law malicious prosecution claims as well. *Id.*

It is worth pausing briefly to note that some cases appear to hold to the contrary, stating explicitly that "probable cause" is an absolute bar to both false arrest and malicious prosecution claims. *See, e.g.*, *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989) ("[T]he

5

existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution."). Such statements are incomplete. As stated above, a lack of probable cause is one of the elements of a malicious prosecution claim. Obviously, a finding of probable cause as to the particular offense alleged to have been maliciously prosecuted would be an absolute bar. But as *Holmes* states so succinctly, the existence of probable cause for one crime does *not* bar a malicious prosecution claim as to another separate crime.

Here, it is undisputed that Akbar could not prevail on a malicious prosecution claim against West for misdemeanor battery. This is not in dispute. But there is no reason to conclude that Akbar's conviction for misdemeanor battery of West necessarily precludes a malicious prosecution claim against Jones and Fouch relating to charges on which Akbar was ultimately exonerated through a finding of not guilty. For this reason, the 9/25/08 Order was incorrect.

Jones and Fouch do not dispute this point of law, but argue instead that Akbar waived this argument by failing to raise this in response to Jones' and Fouch's motion for summary judgment. This argument is not convincing. The case cited above which directly controls this issue, *Holmes v. Village of Hoffman Estates*, 511 F.3d 673 (7th Cir. 2007), was decided on December 26, 2007. Akbar's response fails to cite to *Holmes*, but it was filed on January 7, 2008, a mere twelve days after *Holmes* was decided. Jones and Fouch filed a reply on January 22, 2008, and did not bring this case to the court's attention. Akbar certainly should have briefed this issue more carefully rather than merely referring to opposing counsel's argument as being "just plain silly." Pl. Mem. in Resp. to Defs.' Mot. for Sum. J. 2. However, because the argument that a finding of probable cause for any arrest necessarily forecloses every malicious

6

prosecution claim is so clearly a misstatement of the law, and because Akbar promptly directed the court to the *Holmes* decision in his motion for reconsideration, it would be manifestly unjust to refuse to reconsider. The 9/25/08 Order is vacated.

Upon reconsideration, and for the reasons stated above, Jones' and Fouch's motion for summary judgment on the malicious prosecution claim is denied to the extent that they argue they are entitled to judgment because of Akbar's conviction for misdemeanor battery.

2. Probable Cause and the Grand Jury[1]

Jones and Fouch separately argue that probable cause exists as to the claims against Jones and Fouch because the grand jury returned an indictment on these counts. The concept of malicious prosecution is that the accused—here, Jones and Fouch—initiated criminal proceedings improperly. However, the chain of causation in a malicious prosecution claim "is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). In other words, any alleged wrongdoing by Jones and Fouch would be proven harmless by the independent determination by the grand jury that probable cause existed. Jones and Fouch point to the undisputed fact that they did not testify in front of the grand jury. They argue, therefore, that the grand jury indictment was entirely independent of any alleged false statements made by Jones and Fouch.

This argument is troubling for two reasons. First, Jones and Fouch attached a portion of the grand jury testimony to their motion for summary judgment. Disclosure of Illinois grand jury testimony is prohibited by law absent an order from an Illinois court, and improper

---

[1] This argument was not reached by the court in its 9/25/08 Order.

disclosure is punishable by a contempt of court action. 725 Ill. Comp. Stat. 5/112-6(c)(3); (d). The secrecy of grand jury proceedings is maintained "to insure the grand jury freedom in its deliberations, to prevent subornation of perjury, to encourage disclosure by witnesses, and to protect the innocent from unwarranted exposure," as well as to "assure freedom of deliberation of future grand juries, and the participation of future witnesses, as well as to provide these assurances to those who appeared before the instant proceeding." *In re Extended March 1975 Grand Jury No. 655*, 405 N.E.2d 1176, 1179 (Ill. App. Ct. 1980) (citations omitted). There is no indication from Jones' and Fouch's papers that a prior order from an Illinois court was obtained which authorized disclosure of this transcript, nor is it clear how this document was obtained. This exhibit is stricken from the record, though Defendants may resubmit it upon a showing that disclosure is legally authorized.[2]

Second, and without relying on the transcript provided, Jones' and Fouch's argument that the grand jury's decision to indict was completely independent from Jones and Fouch cannot be accepted. Again, at this stage all facts and any inferences to be drawn from the facts must be construed in Akbar's favor. Jones and Fouch state and Akbar does not dispute that they did not testify *to the grand jury*, but they do not provide any evidence as to how the facts of the alleged aggravated assault (for which the indictment was returned) came to be known to the prosecutor

---

[2] The transcript appears as Exhibit D to Defendants' Memorandum in Support of their Motion for Summary Judgment, which has been filed, along with Exhibits A, B, C, and E, as Attachment 1 to docket entry number 41. Defendants are ordered to provide proof within five days of entry of this Order that disclosure of the transcript is legally authorized. The court will otherwise order that Attachment 1 to docket entry number 41 be stricken in its entirety, and Defendants will be ordered to properly re-file Exhibits A, B, C, and E within seven days.

or to the witnesses who did appear before the grand jury.³ The notion that the prosecutor elected to seek an indictment for aggravated assault without any evidence from the two victims, Jones and Fouch, is not credible without supporting facts. Absent evidence to the contrary, the only conclusion to be reached at this stage is that the prosecutor, directly or indirectly, relied upon information provided by Jones and Fouch. The chain of causation is not broken by a grand jury indictment where the officer being charged with malicious prosecution makes "knowing misstatements . . . to the prosecutor." *Reed*, 77 F.3d at 1053.

It would be very problematic if this court were to rule that a police officer could automatically defeat a malicious prosecution claim by simply not appearing in front of the grand jury. Such a ruling would immunize anyone from a malicious prosecution claim if he is simply wise enough to have someone else tell the grand jury his story. The normal rules of evidence do not apply in grand jury proceedings, and such second- or third-hand evidence can be admitted to a grand jury. Fed. R. Evid. 1101(d)(2); *United States v. John Doe, Inc. I*, 481 U.S. 102, 119 (1987). Furthermore, at this stage there is ample reason to believe that Jones' and Fouch's version of events was not convincing: Akbar was acquitted of aggravated assault at a bench trial. While this verdict does not guarantee that Jones and Fouch made statements which were relied upon in the grand jury proceeding, it can be so inferred when viewed in the light most favorable to Akbar.

At this stage, Jones and Fouch have not established that the grand jury indictment was obtained independently from them. Jones' and Fouch's motion for summary judgment, to the

---

³ It is undisputed that a detective testified in front of the grand jury. Again, this alone is not sufficient, for no basis as to the detective's knowledge is provided.

extent that it argues that the malicious prosecution claim should be dismissed because the grand jury broke the chain of causation, is denied.[4]

### III. CONCLUSION

For the reasons stated above, Akbar's motion to reconsider is granted, and the 9/25/08 Order is vacated. Upon reconsideration, Jones' and Fouch's motion for summary judgment on Count III (state law malicious prosecution) is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 12, 2008

---

[4] Jones and Fouch separately argue in their motion for summary judgment that the presence of probable cause establishes that they did not "willfully" commit a tort, and therefore that they are immune under the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. 10/2-202. Because the court has concluded that at this stage the existence of probable cause as to the malicious prosecution charges has not been established, this argument is rejected.