**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASIM AKBAR, | ) | |
| | ) | No.  06 C 3685 |
| Plaintiff, | ) | |
| | ) | JUDGE GOTTSCHALL |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BAR THE CONVICTION
THAT UNDERLIES HIS CLAIMS**

Defendants City of Chicago and Chicago Police Department personnel Darrin West, Luis Jones, Cordy Fouch, Jr., and Ricardo Dixon (collectively referred to herein as "Defendants"), by and through counsel, Andrew M. Hale & Associates, respectfully respond to Plaintiff's Twelfth motion *in limine* seeking to bar his battery conviction to Defendant West, and state the following:

**A.  Evidence of Plaintiff's Criminal Disposition is Relevant to His Malicious
Prosecution Claim.**

It seems obvious and should go with out saying, but the outcome of plaintiff's criminal proceeding is essential to the question of whether his criminal proceeding terminated in his favor and in a manner indicative of innocence. *Swick v. Liautaud*, 169 Ill.2d 504, 514 (1996). Yet, this is precisely the evidence plaintiff now seeks to excise.

This case is about whether plaintiff was subjected to excessive force and maliciously prosecuted relating to events that occurred in the Fifth District Police Lockup on May 13, 2005. Plaintiff was charged with battery to Detention Aid West, as well as battery to Officers Fouch and Jones. At a bench trial, plaintiff was found guilty of the battery to Detention Aid West but acquitted on the battery counts relating to Officers Fouch and Jones. Despite seeking to admit

1

criminal disposition evidence that is favorable to him – namely, his not guilty finding as to

Officers Jones and Fouch, plaintiff now seeks to exclude criminal disposition evidence that cuts

the other way – that is, the guilty finding as to Detention Aid West. This one-sided evidence

carving is deceptive and should be rejected.

   **B.   The Criminal Disposition Evidence is Also Essential to the Excessive Force Claim.**

   The criminal disposition evidence is also relevant to the excessive force claim because it

goes to the core facts of the case. *Hillard v. City of Chicago*, 2010 WL 1664941, at *2

(N.D.Ill.)(Conlon, J.). Ignoring the malicious prosecution aspect of the case entirely, Plaintiff's

motion argues that his conviction of battery to Detention Aid West that arose from this very

incident cannot be used offensively against him under the collateral estoppel doctrine.

Defendants do not dispute this limited legal proposition– although it of course bars a claim

against Detention Aid West. However, as argued herein, the full outcome of the criminal

proceeding is essential to a jury's assessment of plaintiff's force claim as well.

   In *Saunders v. City of Chicago*, the plaintiff sought to exclude evidence of his

misdemeanor resisting arrest conviction underlying his excessive force claim. 320 F.Supp.2d

735, 738  (N.D.Ill. 2004) (Bucklo, J.). The court denied the motion and held that "misdemeanor

conviction for resisting arrest is admissible as *prima facie* evidence of the facts on which the

conviction was based." *Id*. (citing *Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994)); *See

also Gray v. Burke*, 05-59, N.D.Ill. at 2 (Feb. 27, 2007), attached hereto as Exhibit A (admitting

underlying disorderly conduct conviction as relevant to reasonableness of officer defendant's use

of force).

   Here, the battery conviction regarding Detention Aid West resulted out of a struggle

between plaintiff and Defendants in the Fifth District police lockup. It was during this struggle –

according to Defendants – that Plaintiff sustained injuries. While Plaintiff conceded throughout

this litigation that he struggled with the police, he maintains that his injuries are the result of a one sided beating that occurred later that same night. Defendants deny this. The eleventh hour motion to exclude the criminal disposition evidence is Plaintiff's attempt to back away from his repeated admissions and a state court finding that he did in fact batter Detention Aid West. (See Tr. Trans. Dated Jan. 24, 2006, attached hereto as Exhibit B).

Moreover, exclusion of the conviction would fly in the face of plaintiff's conviction and is an impermissible collateral attack on his conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). If excluded, it would allow plaintiff to argue or insinuate that the only explanation for his injuries was an unprompted beating administered against him by Defendants in the lockup after he was arrested for violating a simple city ordinance. *Id.* But such innuendo contradicts the judicial finding that plaintiff in fact battered Detention Aid West and it was not in self-defense. *Id.*; (Ex. B). As such, the underlying battery conviction is inexorably tied to both the excessive force and malicious prosecution claims. *See U.S. v. Abel*, 469 U.S. 45, 105 S. Ct. 465, 470 (1985) (evidence must only admissible for one relevant purpose).

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Twelfth Motion *in Limine*.

Respectfully submitted,

DEFENDANTS

BY:

*/s Shneur Nathan*
One of the Attorneys for Defendants

Avi T. Kamionski
Helena Wright
Shneur Nathan
ANDREW M. HALE & ASSOCIATES
53 W. Jackson Blvd. – Suite 1800
Chicago, Illinois  60603
ARDC No. 6294495

## <u>CERTIFICATE OF SERVICE</u>

      I, Shneur Nathan, hereby certify that on September 5, 2010, I caused a copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO BAR THE CONVICTION THAT UNDERLIES HIS CLAIMS** to be served upon all counsel of record by filing the same via the Court's ECF filing system.


*/s Shneur Nathan*
SHNEUR NATHAN